UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAVIS, | No. 2:16-cv-2079 CKD P |
| Plaintiff, | |
| v. | ORDER |
| SOLTAINIAN, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

////

2

III. Discussion

Plaintiff names as defendants seven medical and prison officials at Mule Creek State Prison. He claims that, by failing to adequately treat his hemorrhoids-related pain, they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. After his surgery for prolapsed hemorrhoids in August 2015, plaintiff received a daily dose of morphine. However, he was eventually tapered off morphine and prescribed other treatments for his symptoms. Plaintiff alleges he was still in extreme pain and required daily morphine. The court has reviewed the records of plaintiff's administrative appeal on the issue, submitted along with the complaint. (ECF No. 1-3.)

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

3

indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, plaintiff's allegations do not amount to an Eighth Amendment claim against any physician named as a defendant. Rather, the complaint and attached documents indicate a difference of opinion as to plaintiff's medical need for ongoing daily morphine.

As to defendants Chief Smiley and Warden Lizarraga, there must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). A defendant may be held liable as a supervisor under § 1983 if there exists "either (1) his or her personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011), citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). As plaintiff has not linked these supervisory defendants to any constitutional violation, the complaint does not state claims against them.

As it fails to state a claim, the complaint must be dismissed. However, plaintiff will have the opportunity to file an amended complaint.

IV. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in

4

1 specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

2 § 1983 unless there is some affirmative link or connection between a defendant's actions and the

3 claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

4 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

5 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

7 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

8 complaint be complete in itself without reference to any prior pleading.  This is because, as a

9 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

10 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

11 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

12 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13       In accordance with the above, IT IS HEREBY ORDERED that:

14       1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

15       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

16 shall be collected and paid in accordance with this court's order to the Director of the California

17 Department of Corrections and Rehabilitation filed concurrently herewith.

18       3. Plaintiff's complaint is dismissed.

19       4. Plaintiff is granted thirty days from the date of service of this order to file an amended

20 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

21 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

22 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

23 two copies of the amended complaint; failure to file an amended complaint in accordance with

24 this order will result in dismissal of this action.

25 Dated:  October 19, 2016

26                                 CAROLYN K. DELANEY

27                                 UNITED STATES MAGISTRATE JUDGE

28 2 / davi2079.14.new